Ina SCANLON, Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent.

No. 13–219V

United States Court of Federal Claims.

Filed December 17, 2013

David Porter Murphy, Greenfield, Indiana, for petitioner.

Linda S. Renzi, Senior Trial Counsel, Vaccine/Torts Branch, Civil Division, United States Department of Justice, Washington, D.C., for respondent. With her on the brief were Stuart F. Delery, Assistant Attorney General, Rupa Bhattacharyya, Director, Vincent J. Matanoski, Deputy Director, and Catharine E. Reeves, Assistant Director, U.S. Department of Justice, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C.

Vaccine case; receipt of varicella zoster ("shingles") vaccine; listing of vaccines covered by the Vaccine Act; 42 U.S.C. § 100.3

### OPINION AND ORDER

LETTOW, Judge.

On March 28, 2013, Ms. Ina Scanlon filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, Pub.L. No. 99–660, § 311, 100 Stat. 3743, 3755 (1986) (codified, as amended, at 42 U.S.C. §§ 300aa–1 to –34 ("Vaccine Act")), alleging injury resulting from receipt of the varicella zoster ("shingles") vaccine. On September 27, 2013, the special master assigned to the case granted the government's motion to dismiss on the ground that the shingles vaccine is not covered under the Vaccine Act. Ms. Scanlon filed a motion for review of the special master's decision on September 30,

2013. A hearing was held on November 15, 2013, and this case is ready for disposition.

## BACKGROUND

Ms. Scanlon's petition recites that she received the shingles vaccine on April 1, 2010 and thereafter suffered a viral infection allegedly caused by the vaccine. Pet. at 1. In March 2010, prior to the vaccination, a physical examination by her family doctor showed she was in good health, with a platelet count of 209,000. Pet. ¶ 2. On May 24, 2010, after noticing severe bruising on her torso, Ms. Scanlon went back to her doctor and discovered that her platelet count had dropped to 6,000. Pet. ¶¶ 4–5. She was immediately referred to a cancer center where, the next day, Dr. Joseph Spahr diagnosed a virus in Ms. Scanlon's system that caused the platelet destruction. Pet. ¶ 6. Her platelet levels varied throughout the next year. Pet. ¶ 7. On April 27, 2011, Dr. Shanique R. Palmer of the Mayo Clinic in Rochester, Minnesota concluded that Ms. Scanlon's problems were caused by the varicella zoster vaccination. Pet. ¶ 8. Ms. Scanlon continues to suffer from inconsistent platelet counts and immune thrombocytopenia,[1] characterized by excessive bleeding and dangerous bruising. Pet. ¶¶ 9–11.

Ms. Scanlon filed her petition for compensation in March 2013. In September 2013, the government filed a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). Resp't's Mot. to Dismiss ("Resp't's Mot.") at 1, ECF No. 17. The government argued that compensation under the Vaccine Act is only available when a claimant has received a vaccine included in the Vaccine Injury Table ("the Table"), and the shingles vaccine is not so listed. *Id.*

(citing 42 C.F.R. § 100.3). The government further argued that for any vaccine the Secretary of the Department of Health and Human Services ("HHS") adds to the Vaccine Injury Table, Congress must approve an accompanying excise tax to provide funds for compensation. *Id.* at 1–2 (citing Omnibus Budget Reconciliation Act of 1993, Pub.L. No. 103–66 § 13632(a)(3), 107 Stat. 312 (1993) (codified as amended at 42 U.S.C. § 300aa–14 note (1993) (Revisions of Vaccine Injury Table)).[2] Congress has not enacted an excise tax related to the shingles vaccine. *Id.* at 2; Hr'g Tr. at 13:20 to 14:6 (Nov. 15, 2013).

The special master agreed with the government that Ms. Scanlon was required to demonstrate that she "received a vaccine set forth in the Vaccine Injury Table" to be able to make a claim for compensation. *Scanlon v. Secretary of Health and Human Servs.*, No. 13–219V, 2013 WL 5755061, at *2 (Fed. Cl.Spec.Mstr. Sept. 27, 2013) (citing 42 U.S.C. § 300aa–11(c)(1)(a)). Even though "varicella vaccine" appears on the Table, *see* 42 C.F.R. § 100.3, Table, item X, the special master found that the shingles vaccine could not be considered a covered vaccine and granted the government's motion to dismiss. *Id.* at *2–3.

First, the special master was unconvinced by Ms. Scanlon's assertion that because the chicken pox vaccine and the shingles vaccine both contain live attenuated varicella zoster virus and are linked in the medical literature, both are encompassed by the term "varicella vaccine" on the Vaccine Injury Table. *See Scanlon*, 2013 WL 5755061, at *2–3. Although the two vaccines are used to prevent two adverse outcomes of an infection from the same virus, the vaccines themselves are distinguishable. *Id.* at *2. The varicella zoster vaccine ("Zostavax") and the varicella

---

1. Thrombocytopenia is a "decrease in the number of platelets" and immune thrombocytopenia is "thrombocytopenia associated with the presence of anti-platelet antibodies (IgG)." *Dorland's Illustrated Medical Dictionary* 1922 (32nd ed. 2012) (*"Dorland's"*).

2. As the note to 42 U.S.C. § 300aa–14 states:
   Section 13632(a)(3) of Pub.L. 103–66 provided that: "A revision by the Secretary under section 2114(e) of the Public Health Services Act (42 U.S.C. 300aa–14(e)) [subsec. (e) of

this section] (as amended by paragraph (2)) shall take effect upon the effective date of a tax enacted to provide funds for compensation paid with respect to the vaccine to be added to the vaccine injury table in section 2114(e) of the Public Health Service Act (42 U.S.C. 300aa–14(a) [subsec. (a) of this section] )."
   42 U.S.C. § 300aa–14 note (Revisions of Vaccine Injury Table).

vaccine ("Varivax") are both manufactured by Merck and contain versions of the same live, attenuated virus, but, upon considering package inserts for each vaccine, the special master determined that they are not an identical vaccine. *Id.* Varivax contains "a minimum of 1[,]350 plaque-forming units (PFU) of Oka/Merck varicella virus." *Id.* (quoting Varivax Package Insert (Frozen) at 6, ¶ 11, *available at* www.fda.gov/downloads/biologicsbloodvaccines/vaccines/approved products/UCM142813.pdf). Zostavax, however, contains "a minimum of 19,400 PFU (plaque-forming units) of Oka/Merck strain of VZV [varicella zoster virus]." *Id.* (quoting Zostavax Package Insert (Frozen) at 8, ¶ 11, *available at* www.fda.gov/downloads/biologicsbloodvaccines/vaccines/approved products/UCM132831.pdf).[3] Varivax is "indicated for active immunization for the prevention of varicella in individuals 12 months of age and older," *id.* (quoting Varivax Package Insert at 2, ¶ 1), and Zostavax is "indicated for prevention of herpes zoster (shingles) in individuals 50 years of age and older," *id.* (quoting Zostavax Package Insert, at 2, ¶ 1). Zostavax is expressly *not* indicated for "prevention of primary varicella infection (Chickenpox) and should not be used in children and adolescents." *Id.* (quoting Zostavax Package Insert at 8, ¶ 8.4).

Second, the special master examined the purpose and design of the Vaccine Act in deciding that Zostavax should not be considered a "varicella vaccine" and thus not a covered vaccine. "The Act 'concerns only the actions of those injured by specified childhood vaccines and the manufacturers of such vaccines.... [F]unding for the program is provided through a tax to be placed on designated childhood vaccines.'" *Scanlon*, 2013 WL 5755061, at *2 (quoting H.R. Rep. 99–908 at 3 (1986), *reprinted in* 1986 U.S.C.C.A.N. 6344, 6344). The Secretary of HHS is directed to amend the Vaccine Injury Table only after the Centers for Disease Control and Prevention ("CDC") recommend a vaccine for "routine administration to children." *Id.* at *1 (citing 42 U.S.C. § 300aa–14(e)(2) (relating to vaccines recommended

after August 1, 1993)). The Zostavax vaccine that Ms. Scanlon received is not indicated for children, unlike the Varivax vaccine. Furthermore, the Omnibus Budget Reconciliation Act of 1993 provides that any amendment to the Vaccine Injury Table only takes effect upon the effective date of an excise tax enacted on the covered vaccine to provide the funds for compensation. *Id.* (citing 42 U.S.C. § 300aa–14 note (Revisions of Vaccine Injury Table)). Congress has not enacted an excise tax on the Zostavax vaccine, but it has enacted an excise tax on the Varivax vaccine. *Id.* at *2. Accordingly, the special master determined that Ms. Scanlon failed to state a claim upon which relief could be granted. *Id.* at *3.

Pursuant to 42 U.S.C. § 300aa–12(e) and to Rule 23 of the Vaccine Rules of the United States Court of Federal Claims, Ms. Scanlon filed a motion for review of the special master's decision on September 30, 2013. Specifically, Ms. Scanlon faulted the special master for failing to make any findings of fact regarding whether a claimant has ever received compensation for injury resulting from the Zostavax vaccine. Ms. Scanlon maintains that if anyone has ever received compensation then the government is estopped from denying it in this case. Pet'r's Mem. of Objections in Support of Mot. for Review of the Spec. Mstr's Dec. ("Pet'r's Mem.") at 3–4, ECF No. 20. The government responded on October 29, 2013. Resp't's Mem. in Resp. to Pet'r's Mot. for Review ("Resp't's Mem."), ECF No. 22.

## JURISDICTION

■ The Vaccine Act grants this court exclusive jurisdiction "over proceedings to determine if a petitioner under [S]ection 300aa–11 of this title[, 42 U.S.C. § 300aa–11,] is entitled to compensation under the [National Vaccine Injury Compensation] Program and the amount of such compensation." 42 U.S.C. § 300aa–12(a). The government's argument—that the shingles vaccine is not a covered vaccine and thus that Ms. Scanlon cannot receive compensation for her resul-

---

**3.** The Varivax and Zostavax vaccines each come in "refrigerator stable" and "frozen" forms. For consistency, citations to the package inserts will refer to the frozen forms. The pertinent text, however, pertains to the package inserts for both forms.

tant injuries—was presented to the special master as a challenge to the merits of Ms. Scanlon's claim and not as a challenge to this court's subject matter jurisdiction. *See* Resp't's Mot. at 1–2. The government has now, however, shifted its position on jurisdiction and has argued that the "special master correctly determined that the court did not have subject matter jurisdiction over petitioner's claim." Resp't's Mem. at 3. This characterization of the special master's decision is incorrect even though the special master was not precise as to the basis upon which she dismissed Ms. Scanlon's claim.[4] In all events, the government now presses the argument that the requirements of 42 U.S.C. § 300aa–11(c) are jurisdictional in nature. The court disagrees.

This court has subject matter jurisdiction to determine whether a vaccine is included on the Vaccine Injury Table. *Cf. Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1355 (Fed.Cir.2011) (holding that the Civilian Board of Contract Appeals improperly dismissed a claim for lack of subject matter jurisdiction where the existence of a contract with the federal government was alleged but disputed); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006) (holding that a defendant's failure to qualify as an "employer" for Title VII purposes goes to the merits of the claim, not subject matter jurisdiction, such that the defendant could not raise a defense after trial that it did not have the requisite number of employees to be an "employer"). A dismissal for lack of jurisdiction and a dismissal on the merits are not identical:

> First, a dismissal on the merits usually carries *res judicata* effect whereas a dismissal for lack of jurisdiction typically does not.... Second, a court's characterization of a decision as jurisdictional rather than as on the merits affects its treatment of disputed facts. In deciding a motion to dismiss for failure to state a claim, the trial

court must accept as true the factual allegations in the complaint. ... [I]n deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true only uncontroverted factual allegations in the complaint.

*Engage Learning*, 660 F.3d at 1355 (internal citations omitted).

## STANDARDS FOR REVIEW

■ Under the Vaccine Act, the court may "set aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law." 42 U.S.C. § 300aa–12(e)(2)(B). The special master's determinations of law are reviewed *de novo. See Andreu ex rel. Andreu v. Secretary of Dep't of Health & Human Servs.*, 569 F.3d 1367, 1373 (Fed.Cir. 2009). Because the special master only made legal determinations in this case, resolving a question of statutory interpretation, this court will review her decision without deference. *See Tembenis v. Secretary of Health & Human Servs.*, 733 F.3d 1190, 1192 (Fed. Cir.2013) (citing *Locane v. Secretary of Health & Human Servs.*, 685 F.3d 1375, 1379 (Fed.Cir.2012)).

In deciding a motion to dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to the claimant and draw all reasonable inferences in her favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

---

4. The special master addressed both RCFC 12(b)(1) and 12(b)(6) in her discussion of the applicable legal standard, *see Scanlon*, 2013 WL 5755061, at *1, and at one point wrote, "The undersigned has no authority to preside over a vaccine injury claim stemming from a vaccine not listed on the Vaccine Injury Table," *id.* at *3, ostensibly commenting on her subject matter jurisdiction over this claim. Ultimately, however, the special master dismissed the case for "failure to state a claim upon which relief may be granted," which indicates a decision on the merits. *Id.*

## ANALYSIS

The material facts are not disputed. For purposes of this motion to dismiss, the court accepts, and the government does not challenge, that Ms. Scanlon received the shingles vaccine on April 1, 2010 and that the vaccine caused her to develop a serious viral infection resulting in immune thrombocytopenia, a chronic and incurable bleeding disorder. Pet. ¶¶ 3, 11. The disagreement over a matter of law is straightforward. The government asserted that the shingles vaccine is not a covered vaccine for purposes of the Vaccine Act. Resp't's Mot. at 1–2. Ms. Scanlon asserted that the shingles vaccine is a "varicella vaccine," which is a covered vaccine under the Vaccine Act, and so she is entitled to compensation. Pet'r's Resp. to Resp't's Mot. to Dismiss ("Pet'r's Resp.") at 1–2, ECF No. 18. This case requires resolution of two issues: (1) whether a petitioner must have received a vaccine listed on the Vaccine Injury Table, codified at 42 C.F.R. § 100.3, to survive a motion to dismiss and (2) whether the shingles vaccine is so listed.

### A. The Vaccine Injury Table

■ The special master accepted, without great discussion, that a petitioner must have received a vaccine listed on the Vaccine Injury Table to withstand a motion to dismiss. *See Scanlon,* 2013 WL 5755061, at *2 ("In her Motion to Dismiss, Respondent correctly states that '[t]o be entitled to compensation under the Vaccine Act, petitioner must demonstrate that she "received a vaccine set forth in the Vaccine Injury Table." ' " (internal quotations omitted)). Ms. Scanlon submitted an exhibit consisting of an excerpt from an HHS website to support her contention that the Vaccine Injury Table is not the "exclusive means to have an injury claim heard." Pet'r's Position Statement at 1, ECF No. 15 & Ex. 1, ECF No. 15–1 (The excerpt is from HHS's Health Resources and Services Administration, *available at* www.hrsa.gov/vaccinecompensation/vaccinetable. html, and states, among other things that "[e]ligibility for compensation is not affected by whether a covered vaccine is administered off-label or against administration recommendations.").

Subsection 300aa–11(c) of the Vaccine Act provides that a "petition for compensation under the [Vaccine] Program for a vaccine-related injury or death shall contain . . . an affidavit, and supporting documentation, demonstrating that the person who suffered such injury or who died . . . received a vaccine set forth in the Vaccine Injury Table." 42 U.S.C. § 300aa–11(c). The only exception to this unambiguous requirement is if the injured person "contracted polio, directly or indirectly, from another person who received an oral polio vaccine." *Id.* This statutory requirement has been given its plain meaning. *See, e.g., Charette v. Secretary of Health & Human Servs.,* 33 Fed.Cl. 488, 491 (1995); *Amin v. Secretary of Health & Human Servs.,* No. 13–300V, 2013 WL 3994322, at *3 (Fed.Cl.Spec.Mstr. July 29, 2013) (dismissing a petitioner's claim for injury caused by pneumococcal polysaccharide vaccine because the vaccine was not listed on the Vaccine Injury Table); *Schmidt v. Secretary of Health & Human Servs.,* No. 11–401V, 2011 WL 6148590, at *2 (Fed.Cl.Spec.Mstr. Nov. 21, 2011) (same); *Nutt v. Secretary of the Dep't of Health & Human Servs.,* No. 10–862V, 2011 WL 976675, at *2 (Fed.Cl. Spec.Mstr. Feb. 23, 2011) (same); *Roberts v. Secretary of the Dep't of Health and Human Servs.,* No. 89–37V, 1989 WL 250167, at *4 (Fed.Cl.Spec.Mstr. Dec. 18, 1989) (dismissing a claim for injury resulting from an injection of gamma globulin because, although used in the past to prevent polio, it is not considered a covered vaccine because it does not contain polio virus as is specified on the Vaccine Injury Table).

In *Charette,* a deceased petitioner's estate could not recover for his death caused by an adverse reaction to typhoid vaccine, and the court upheld the special master's dismissal of the claim. *Charette,* 33 Fed.Cl. at 491–93. Because the typhoid vaccine was not then listed in the Vaccine Injury Table, the court held that it was not covered under the plain meaning of the statute. *Id.* at 491. Contrary to the petitioner's argument that the compensation program was intended to compensate all vaccine-related injuries, *id.* at 490, the court concluded that the program was limited to "compensating individuals who have been injured by vaccines routinely ad-

ministered to children," *id.* at 492 (quoting H.R.Rep. No. 99–908 at 3, *reprinted in* 1986 U.S.C.C.A.N. at 6344).[5] Lastly, the court found that the financing scheme of the compensation program, which requires that the funding come from excise taxes imposed on the sale of the covered vaccines, *i.e.*, those listed on the Table, strongly indicated that only injuries resulting from those vaccines are compensable. *Id.* at 493.

■ This court concurs with the reasoning of *Charette*. "[I]n any case concerning the interpretation of a statute the 'starting point' must be the language of the statute itself." *Lewis v. United States*, 445 U.S. 55, 59, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980) (internal citations omitted). The statutory requirements of a petition for compensation expressly require that the petitioner demonstrate that he or she "received a vaccine set forth in the Vaccine Injury Table." 42 U.S.C. § 300aa–11(c)(1)(A). If a vaccine is not then listed on the Table, any injury caused by its administration is not compensable, and the injured party has no cognizable claim under the Vaccine Act. The statutory provisions for amendment of the Table and the funding scheme leave little room for doubt that only injuries from vaccines listed on the Table were to be compensable. Additional vaccines, recommended after August 1, 1993, may only be added when the "[CDC] recommends a vaccine to the Secretary for routine administration to children, [and] the Secretary shall, within 2 years of such recommendation, amend the Vaccine Injury Table included in subsection [300aa–14]." 42 U.S.C. § 300aa–14(e)(2). Moreover, "[a] revision by the Secretary under [subsection 300aa–14(e) ] shall take effect upon the effective date of a tax enacted to provide funds for compensation paid with respect to the vaccine to be added to the vaccine injury table in [section 300aa–14(a) ]." 42 U.S.C.§ 300aa note (Revisions of Vaccine Injury Table).[6]

## B. The Shingles Vaccine

■ The special master's conclusion that the shingles vaccine is not on the Vaccine Injury Table is a legal conclusion that this court will review *de novo*. Ms. Scanlon's sole objection supporting her motion for review is that the government is estopped from dismissing her petition if any other petitioner with injuries resulting from the shingles vaccine received compensation under the Vaccine Act. Pet'r's Mem. at 3. Before considering that argument, however, the court must address the posture of the shingles vaccine with respect to the Table.

Ms. Scanlon argued before the special master that the shingles vaccine, Zostavax, is a "varicella vaccine" within the terms the Vaccine Injury Table. *See* Pet'r's Resp. at 1–2. In her view, both the shingles vaccine, Zostavax, and the chicken pox vaccine, Varivax, should be considered a "varicella vaccine" for purposes of compensation under the Vaccine Act. *See* Pet'r's Position Statement, Ex. 2–8.

HHS published a final rule in 1997 that added the "varicella vaccine" to the Vaccine Injury Table. *See National Vaccine Injury Compensation Program: Revisions and Additions to the Vaccine Injury Table—II*, 62 Fed.Reg. 7685–01, 7686 (Feb. 20, 1997). The CDC recommended the varicella vaccine for routine administration to children, and, consistent with Subsection 300aa–14(e), the Secretary of HHS added the "varicella vaccine" to the vaccine table as item XI. *Id.*; *see also* 42 C.F.R. § 100.3 (reflecting repositioning as

---

5. Several specific provisions of the Vaccine Act do relate to injuries suffered by adults. *See* 42 U.S.C. § 300aa–15(a)(1)–(4) (providing differing forms of compensation for those who incur vaccine-related injuries before or after attaining age 18); *see also Tembenis*, 733 F.3d at 1193–94 (applying 42 U.S.C. § 300aa–15(a)(1)–(4)).

6. While the statutory text does not explicitly state that vaccines may "only" be added by the Secretary upon recommendation by the CDC, there is no other provision in the statute related to the addition of new vaccines to the Table. Subsec-

tion 300aa–14(c) permits the Secretary to promulgate regulations to modify the Vaccine Injury Table, but such modifications are limited to the compensable injuries, not the vaccines listed. 42 U.S.C. § 300aa–14(c)(3). The Secretary "may add to, or delete from, the list of injuries, disabilities, illnesses, conditions, and deaths for which compensation may be provided or may change the time periods for the first symptom or manifestation of the onset or the significant aggravation of any such injury, disability, illness, condition, or death." *Id.*

item X). In the same final rule, HHS noted that "[t]he tax for the . . . varicella vaccine[ ] has not been enacted yet; accordingly, claimants alleging an injury or death as a result of . . . varicella vaccination will not have a cause of action against the Secretary until the tax is enacted and becomes effective. . . . As soon as the tax becomes effective, a petitioner may file a claim for an injury or death allegedly caused by the[ ] vaccine[ ]." *National Vaccine Injury Compensation Program,* 62 Fed.Reg. at 7686 (citing 42 C.F.R. § 100.3(c)(1), (2)). The tax became effective on August 5, 1997. *See* Taxpayer Relief Act of 1997, Pub.L. No. 105–34, § 904, 111 Stat. 788 (1997) (codified as amended at 26 U.S.C. § 4132); *see also National Vaccine Injury Compensation Program: Excise Tax Revision and Coverage of New Vaccines,* 62 Fed. Reg. 52724–01 (Oct. 9, 1997) (setting out HHS's notice announcing enactment of excise tax on varicella vaccine). The excise tax, as codified, is imposed on "any vaccine against chicken pox." 26 U.S.C. § 4132(a)(1)(K).

The court accepts as true that shingles and chicken pox both are caused by the varicella zoster virus, *see* Pet'r's Resp., Ex. 3 at 1, and that both vaccines contain live attenuated varicella-zoster virus, *see Dorland's* at 2017 (defining varicella virus vaccine live as a "live attenuated virus vaccine prepared from human herpesvirus 3 (varicella-zoster virus)" and defining zoster vaccine live as "a live attenuated virus vaccine prepared from human herpesvirus 3 (varicella-zoster virus)"). Ms. Scanlon submitted numerous materials to this effect, but those same materials consistently distinguish between primary varicella infection, chicken pox, and the reactivated disease, shingles. *See, e.g.,* Pet'r's Resp., Ex. 3, at 2 ("While shingles is caused by the same virus that leads to chickenpox, the way you develop this painful skin condition is different."), Ex. 6 at 1–2 (describing "Primary Disease: Varicella or Chickenpox" and "Recurrent Disease: Zoster or Shingles").[7]

While the vaccines are biologically the same, the diseases they aim to prevent and their uses are different. The vaccines cannot

be used interchangeably. The special master correctly noted that the package insert for Zostavax specifically states that it is "not indicated for prevention of primary varicella infection (Chickenpox) and should not be used in children and adolescents." *Scanlon,* 2013 WL 5755061, at *2 (quoting Zostavax Package Insert at 8, ¶ 8.4). Correlatively, when "varicella vaccine" was added to the Table in 1997, no vaccine had been approved for prevention or ameolioration of shingles. That approval was not given until nine years later, in 2006. *See* Zostavax Package Insert at 1. The shingles vaccine cannot be used in children, and the CDC is only to recommend the inclusion of additional vaccines on the Vaccine Injury Table that are for "routine administration to children." *See* 42 U.S.C. § 300aa–14(e)(2). Moreover, the shingles vaccine is not taxed in accordance with the note to 42 U.S.C. § 300aa–14. Correlatively, an excise tax is only imposed upon "[a]ny vaccine against chicken pox." 26 U.S.C. § 4132(a)(1)(K). Accordingly, although there is ambiguity in the Table listing of "varicella vaccine," that ambiguity is sufficiently clarified by the specific label restrictions, the timing of approval of the shingles vaccine, and the excise tax provisions, such that this Table listing must be confined to the chicken pox variant of the "varicella vaccine." The court concludes that the shingles vaccine is not also covered by the Table listing.

## C. Estoppel

Lastly, Ms. Scanlon argues that if HHS has provided compensation to anyone else for injury sustained from the shingles vaccine, it should be estopped from denying compensation to her. Pet'r's Mem. at 3–4. It is unnecessary to reach the merits of this contention, as Ms. Scanlon has provided no evidence, nor has the court discovered any, that such compensation has been paid in the past. Indeed, there are at least three other cases where petitioners' claims for compensation for injury resulting from the shingles vaccine were dismissed. *See Nilsen v. Secretary of the Dep't of Health & Human Servs.,* No. 10–

---

7. Instructively, when responding to a question on the patient history form for the Mayo Clinic dated April 27, 2011, Ms. Scanlon checked "No" in response to whether she had previously received the immunization for "varicella (for chicken pox)" or had the disease. Pet., Ex. 4, at 5, ECF No. 7–5.

110V, 2010 WL 1753471, at *2 (Fed.Cl. Spec.Mstr. Apr. 6, 2010); *Doe/44 v. Secretary of the Dep't of Health & Human Servs.*, No. [redacted]V, 2009 WL 3124758, at *3 (Fed.Cl. Spec.Mstr. Sept. 25, 2009); *Doe/47 v. Secretary of the Dep't of Health & Human Servs.*, No. [redacted]V, 2009 WL 3416368, at *3 (Fed.Cl.Spec.Mstr. Sept. 10, 2009).

### D. Synopsis

Ms. Scanlon has failed to state a claim upon which relief can be granted. The shingles vaccine is not a "varicella vaccine" within the terms of 42 C.F.R. § 100.3, and injuries resulting from its receipt are not compensable under the Vaccine Act. Even though the shingles vaccine is a type of "varicella vaccine," it is routinely administered to adults, the Secretary has never added it to the Vaccine Injury Table, and no excise tax has been imposed upon it.

### CONCLUSION

For the reasons stated, Ms. Scanlon's motion for review is DENIED and the special master's decision is AFFIRMED. The clerk is directed to enter judgment in accordance with this decision.

It is so ORDERED.