# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-0433V
### Filed: June 11, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| CHRIS JUDAY, | * | |
| | * | |
| Petitioner, | * | Dismissal; Zostavax; Shingles Vaccine; |
| | * | Vaccine Not Covered by Program; |
| v. | * | Insufficient Proof; Failure to Prosecute; |
| | * | Failure to Follow Court Orders; Special |
| | * | Processing Unit ("SPU") |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Samuel R. Robinson, Church, Church, Hittle & Antrim, Noblesville, IN, for petitioner.*
*Sarah C. Duncan, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION[1]

**Vowell**, Chief Special Master:

On April 29, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. The petition alleges that petitioner sustained various injuries as a result of his receipt of the Zostavax vaccine on March 2, 2014.

On May 7, 2015, I issued an Order to Show Cause informing petitioner that the Zostavax (shingles) vaccine is not covered under the Program. The order afforded petitioner 30 days, until June 8, 2015, to amend the petition or otherwise show cause why the petition should not be dismissed. It also provided petitioner with information on how to voluntarily exit the Vaccine Program, if he desired. The order concluded by

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

informing petitioner that non-compliance would be interpreted as either a failure to prosecute the claim or as an inability to provide necessary support for the claim. The petition would be dismissed in either event.

On May 11, 2015, petitioner filed evidence supporting his Zostavax claim, to include a copy of his birth certificate, proof of Zostavax vaccination, various medical records, and an affidavit. Petitioner, however, did not thereafter file an amended petition showing receipt of a Program-covered vaccine or any other statement, argument, or evidence showing why his initial petition should not be dismissed.

To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she received a vaccine set forth in the Vaccine Injury Table [the "Table"]. *See* §11(c)(1)(A). Compensation is awarded only to individuals "who have been injured by vaccines routinely administered to children." H.R. Rep. 99-908, 1986 U.S.C.C.A.N. 6344 at 3. Such vaccines are designated in the Table. *See* 42 C.F.R. §100.3 (2011). Zostavax does not appear in the Table and is therefore not covered by the Program. Unlike the varicella vaccine routinely administered to children, Zostavax is for immunization against varicella zoster (shingles) and is only administered to adults.[3]

Previous petitions seeking compensation for injury resulting from the shingles vaccine have been dismissed. *See, e.g.*, *Scanlon v. Sec'y of HHS*, No. 13-219V, 2013 WL 5755061 (Fed. Cl. Spec. Mstr. Sept. 27, 2013), *aff'd*, 114 Fed. Cl. 135 (2013); *Nilsen v. Sec'y of HHS*, No. 10-110V, 2010 WL 1753471 (Fed. Cl. Spec. Mstr. Apr. 6, 2010); *Doe/44 v. Sec'y of HHS*, No. [redacted]V, 2009 WL 3124758 (Fed. Cl. Spec. Mstr. Sept. 25, 2009); *Doe/47 v. Sec'y of HHS*, No. [redacted]V, 2009 WL 3416368 (Fed. Cl. Spec. Mstr. Sept. 10, 2009).

It is petitioner's duty to prosecute his claim and comply with court orders. Failure to execute this duty risks dismissal of the petition. *Tsekouras v. Sec'y, HHS*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Sapharas v. Sec'y, HHS*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). The show cause order clearly informed petitioner that dismissal would result if he did not file an amended petition alleging injury from a Program-covered vaccine or otherwise explain why his petition should not be dismissed. In this case, petitioner neither filed an amended petition nor explained why his petition should not be dismissed.

Petitioner has failed to demonstrate that he received a vaccine covered under the Vaccine Program. **This case is dismissed for insufficient proof and for failure to prosecute. The clerk shall enter judgment accordingly.**

<u>**s/Denise K. Vowell**</u>
Denise K. Vowell
Chief Special Master

---

[3] *See* Zostavax official website at www.zostavax.com ("Zostavax is a vaccine used for adults 50 years of age or older to prevent Shingles (also known as zoster).").

2