# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 3, 2021

```
*   *   *   *   *   *   *   *   *   *   *   *   *
JONATHAN CHARTER,                     *        UNPUBLISHED
                                      *
            Petitioner,               *        No. 21-1404V
                                      *
v.                                    *        Special Master Gowen
                                      *
SECRETARY OF HEALTH                   *        Dismissal; Shingles Vaccine
AND HUMAN SERVICES,                   *        (Shingrix); Non-Covered Vaccine;
                                      *        Ineligibility for Vaccine Program.
            Respondent.               *
*   *   *   *   *   *   *   *   *   *   *   *   *
```

*Jonathan Charter*, Manchester, CT, *pro se* petitioner.
*Madelyn Weeks*, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On May 27, 2021, Jonathan Charter ("petitioner"), acting *pro se*, filed a petition for compensation in the National Vaccine Injury Compensation Program.[2]  Petition (ECF No. 1). Petitioner alleges that he suffered injuries including adhesive capsulitis and a tear in his supraspinatus tendon following his receipt of a herpes zoster recombinant vaccine, with the brand name Shingrix ("the shingles vaccine") on May 29, 2018.  *Id.* at Preamble.  The filed contemporaneous medical records and the report that petitioner later submitted to the VAERS

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the opinion will be available to anyone with access to the Internet.**  Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

system support that petitioner received the alleged shingles vaccine and no other vaccines on or around the date in question. Pet. Ex. 2 at 39, 55; Pet. Ex. 1 at 2.[3]

On June 17, 2021, I issued an order for petitioner to show cause why his claim should not be dismissed. Order to Show Cause (ECF No. 11).

The order explained that to be be eligible to seek compensation from the Vaccine Program, a petitioner must show that he or she received a vaccine set forth in the Vaccine Injury Table (the "Table"). § 11(c)(1)(A). The Table only includes vaccines which the Centers for Disease Control and Prevention ("CDC") recommends for routine administration to children. § 14(e)(2)(A).

New infection with varicella zoster virus causes chicken pox. The CDC recommends that children routinely receive varicella vaccines. *See* 62 Fed. Reg. 7685-01, 1997 WL 67537 (published Feb. 20, 1997, effective March 24, 1997).[4] Therefore, the Table allows for claims concerning varicella vaccines. *See* 42 C.F.R. § 100.3.

In contrast, reactivation of latent varicella zoster virus causes herpes zoster, which is also known as shingles. The CDC recommends shingles vaccines for adults, but not for children.[5] Therefore, the Table does not allow for claims concerning shingles vaccines.

Previous petitions concerning shingles vaccines have been dismissed. *See, e.g.*, *Wilson v. Sec'y of Health & Human Servs.*, No. 21-1090V, 2021 WL 2379553 (Fed. Cl. Spec. Mstr. April 22, 2021); *Danberry v. Sec'y of Health & Human Servs.*, No. 20-778V, 2020 WL 6375330 (Fed. Cl. Spec. Mstr. Sept. 28, 2020); *Scanlon v. Sec'y of Health & Human Servs.*, No. 13-219V, 2013 WL 5755061 (Fed. Cl. Spec. Mstr. Sept. 27, 2013), *aff'd*, 114 Fed. Cl. 135 (2013); *Nilsen v. Sec'y of Health & Human Servs.*, No. 10-110V, 2010 WL 1753471 (Fed. Cl. Spec. Mstr. Apr. 6, 2010); *Doe/47 v. Sec'y of Health & Human Servs.*, No. [redacted]V, 2009 WL 3416368 (Fed. Cl. Spec. Mstr. Sept. 10, 2009).

Similarly, here, petitioner alleges injuries occurring after a shingles vaccine. I am prevented from considering his claim concerning this non-covered vaccine.

Therefore, I ordered petitioner to show cause as to why his petition should not be dismissed, by way of filing an amended petition and supporting evidence that he received an vaccine listed on the Table, within 30 days, by Monday, July 19, 2021.

---

[3] It is also noted that petitioner has not filled out and returned the E-Notification Form, which would allow him to send and receive all court filings by e-mail. *See* Amended General Order No. 2 (ECF No. 5) (served on petitioner by U.S. mail on May 28, 2021).

[4] *See also* CDC – Vaccines and Preventable Diseases, *Chickenpox (Varicella)*, available at https://www.cdc.gov/vaccines/vpd/varicella/public/index.html (last accessed June 17, 2021).

[5] *See* CDC – Vaccines and Preventable Diseases, *Shingrix*, available at https://www.cdc.gov/vaccines/vpd/shingles/hcp/shingrix/recommendations html (last accessed June 17, 2021) (recommending the Shingrix vaccine only for adults 50 years and older).

Alternatively by that same deadline, petitioner could *dismiss* his claim which would result in the entry of judgment and allow him to pursue a separate claim outside of the Vaccine Program, for example, against the vaccine administrator. Alternatively, he could *withdraw* his claim and preserve his right to seek to reopen his claim, in the (somewhat unlikely, in my estimation) event that shingles vaccines are added to the Table at some time in the future. [6]

The order to show cause noted that petitioner's failure to respond would result in dismissal of his claim. The order was served on petitioner via U.S. mail at the address he provided.

The deadline to respond to the order to show cause was July 19, 2021, which has now passed. Petitioner has not filed any response and he has not contacted my chambers.

Accordingly, petitioner has failed to demonstrate that he received a vaccine listed on the Vaccine Injury Table and is therefore ineligible to pursue a claim in the Vaccine Program. **This case is dismissed for failure to state a claim upon which relief can be granted. The Clerk of the Court shall enter judgment accordingly.**[7]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
**Thomas L. Gowen**
Special Master

---

[6] For more information, see https://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters (link to "Exiting the Vaccine Program").

[7] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."