# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-1904V
UNPUBLISHED

PAMELA BOHLE,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: January 27, 2025

*Steven K. Jambois*, Kralovec, Jambois and Schwartz, Chicago, IL, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On November 19, 2024, Pamela Bohle filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34 (the "Vaccine Act").[2] Petitioner alleges that she suffered various injuries due to a shingles (Shingrix) vaccination she received on November 29, 2021, and a pneumococcal polysaccharide (Pneumovax 23) vaccination she received on November 30, 2021.  ECF No. 1 at 1; exhibit 1 at 8 (vaccination record).

In order to receive compensation under the Vaccine Act, petitioners must show that they received a vaccine set forth in the Vaccine Injury Table (the "Table"). *See* § 11(c)(1)(A); 42 C.F.R. § 100.3. Both vaccines alleged by Petitioner, the shingles vaccine and the pneumococcal <u>polysaccharide</u> vaccine, are <u>not</u> included on the Table.

"There are two types of pneumococcal vaccines . . . pneumococcal conjugate and polysaccharide vaccine[s].   The polysaccharide vaccine is distributed under the brand name Pneumovax." *Bundy v. Sec'y of Health & Human Services*, No. 12-769V, 2014 WL 348852, at *1 (Fed. Cl. Spec. Mstr. Jan. 8, 2014).  Only pneumococcal conjugate vaccines, routinely administered to children, are covered by the Vaccine Program.  *Id.; see Morrison v. Sec'y of Health & Human Services,* No. 04-1683V, 2005

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at   https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

WL 2008245, at *1 (Fed. Cl. Spec. Mstr. July 26, 2005) (describing how and when pneumococcal conjugate vaccines were added to the Vaccine Table). Because Petitioner received a pneumococcal polysaccharide vaccine, this claim is not covered by the Vaccine Program and she cannot receive compensation based on this vaccine.

Chickenpox vaccines are understood to be the "varicella vaccines" listed on the Table. *See* 26 U.S.C, § 4132(a)(1)(K). Shingles vaccines have been distinguished from chickenpox vaccines in previous decisions dismissing petitions seeking compensation for injuries from a shingles vaccine. *See Scanlon v. Sec'y of Health & Hum. Servs.*, No. 13-219V, 2013 WL 5755061 (Fed. Cl. Spec. Mstr. Sept. 27, 2013), *aff'd*, 114 Fed. Cl. 135 (2013); *Nilsen v. Sec'y of Health & Hum. Servs.*, No. 10-110V, 2010 WL 1753471 (Fed. Cl. Spec. Mstr. Apr. 6, 2010); *Doe/44 v. Sec'y of Health & Hum. Servs.*, No. [redacted]V, 2009 WL 3124758 (Fed. Cl. Spec. Mstr. Sept. 25, 2009); *Doe/47 v. Sec'y of Health & Hum. Servs.*, No. [redacted]V, 2009 WL 3416368 (Fed. Cl. Spec. Mstr. Sept. 10, 2009). As summarized in one opinion affirming a special master's dismissal of a shingles vaccine claim, "[e]ven though the shingles vaccine is a type of 'varicella vaccine,' it is routinely administered to adults, the Secretary has never added it to the Vaccine Injury Table, and no excise tax has been imposed upon it." *Scanlon*, 114 Fed. Cl. at 143.

On November 25, 2024, I issued an Order to Show Cause for why Petitioner's claim should not be dismissed for lack of jurisdiction over the vaccine in question. ECF No. 8. The show cause deadline passed without any response from Petitioner.

Petitioner has failed to establish that she received a vaccine covered by the Vaccine Program. **Accordingly, this case is DISMISSED. The clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."